IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA    )
                              )

Plaintiff,                 )
                              )

    v.                    )     Case No. 13-234-01-CR-W-HFS
                              )

ANTHONY V. MARSHALL    )
                              )

Defendant.            )


**MEMORANDUM TO COUNSEL**

The issue of punishment has been rescheduled to April 27. If I did not make myself clear regarding what troubles me this memorandum may clarify the issue. On the assumption that defendant basically has a drug addiction but is otherwise becoming rather well adjusted (having employment, being supportive of a family, including children, and being the critical financial supporter of the family) I cannot in good conscience punish a drug problem by imposing a jail sentence of six to eight months, perhaps fatally injuring family stability.[1] We do this all the time, of course, but generally in situations where the misconduct is so serious that we must override the needs of the family. Drug usage is not such a case.

---

[1] There is probably some additional irritating misconduct, but the positive drug tests are the big issue.

There is a broad consensus that drug users should probably not be jailed for long periods (more than a few days or perhaps weeks). Persons under supervision are sometimes treated as an exception (without much public awareness), and I can reconcile that situation when defendants have a chaotic lifestyle, such as lack of employment and legitimate income, no settled family connections and the like.

I am therefore looking for a substitute for substantial imprisonment, the most obvious seeming to be home confinement as punishment. Community confinement does not seem feasible, because funds may not be authorized and defendant would apparently not avoid positive drug tests, which is a disqualifier.

While I ought to be able to use home confinement as punishment supervised by the Bureau of Prisons that seems to be unavailable. It can be used as a condition of "supervised release," but the Probation Office and I agree that we should not attempt more supervised release, as currently structured, because there is no likelihood of success. So I am thinking of a condition, treated as purely punitive, for home confinement, but with no other attempts to regulate defendant's life.[2] This would not follow conventional procedural rules, but unless plainly illegal for some reason I would expect to use that practice. Counsel and the Probation Office may advise me further as to the feasibility of that practice. If I am simply left with

---

[2] Government counsel questioned how violations would be handled. My supposition is that if there were such a substantial violation of conditions of home confinement as to be made a reported violation, proof of a substantial violation might merit some jail time, but not enough to be greatly damaging. Even a few days should suffice as a deterrent for most typical violations of home confinement.

the option of what to me and the family would be a long and devastating sentence

of imprisonment I would probably recuse and have this closed case transferred to

another judge.


                                          /s/ Howard F. Sachs
                                          **HOWARD F. SACHS**
                                          UNITED STATES DISTRICT JUDGE

April 18, 2018

Kansas City, Missouri